IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEXTER STURGEON, JR., § | | |
| TDCJ No. 1650438, § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| V. § | No. 3:20-cv-2099-X-BN | |
| § | | |
| ATTORNEY GARY UNELL, § | | |
| § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Dexter Sturgeon, Jr., a Texas prisoner, submitted a *pro se* filing requesting that this Court order his former criminal defense counsel to turn over evidence to him, evidence that Sturgeon believes will support his efforts to prove his innocence. *See* Dkt. No. 3. This filing was construed as a petition for a writ of mandamus. And United States District Judge Brantley Starr referred the construed mandamus proceeding to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

Sturgeon was convicted of aggravated sexual assault of a child younger than 14. *See State v. Sturgeon*, Nos. F09-32977 & -32976 (265th Jud. Dist. Ct., Dallas Cnty., Tex.), *aff'd*, Nos. 05-10-00672-CR & -00673-CR, 2011 WL 5042087 (Tex. App. – Dallas Oct. 25, 2011). And the Texas Court of Criminal Appeals (the CCA) refused his petitions for discretionary review. *See Sturgeon v. State*, PD-1747-11 & -1748-11 (Tex. Crim. App. Apr. 25, 2012).

Sturgeon did not file a petition for certiorari with the Supreme Court of the

United States. But, years later, he sought state habeas relief. *See Ex parte Sturgeon*, W09-32976A & -32977A (265th Jud. Dist. Ct., Dallas Cnty., Tex.).

On November 8, 2017, the CCA denied those petitions without written order on the trial court's findings without a hearing. *See Ex parte Sturgeon*, WR-87,548-01 & -02 (Tex. Crim. App.). And Sturgeon's initial application for a writ of habeas corpus under 28 U.S.C. § 2254 concerning these convictions was denied with prejudice as time barred. *See Sturgeon v. Davis*, No. 3:17-cv-3365-G-BN, 2018 WL 1721941 (N.D. Tex. Mar. 21, 2018), *rec. accepted*, 2018 WL 1718076 (N.D. Tex. Apr. 9, 2018).

Sturgeon is not currently pursuing Section 2254 relief in this district. So his filing should not be considered as made under 28 U.S.C. § 2250.

While "an indigent defendant has no constitutional right to acquire a copy of his transcripts or court records for use in a collateral proceeding," *Walton v. Davis*, 730 F. App'x 233, 234 (5th Cir. 2018) (per curiam) (citing *United States v. MacCollom*, 426 U.S. 317, 325-26 (1976)), Section 2250 entitles "a movant for a writ of habeas corpus ... to copies of court records without cost where he has been granted leave to proceed [*in forma pauperis*] and his federal habeas motion is pending before the court," *Walton*, 760 F. App'x at 234 (citing § 2250; *Walker v. United States*, 424 F.2d 278, 278-79 (5th Cir. 1970)). But "[t]he records will not be provided where a movant contends that he needs them to formulate a claim or to review for facts that may support a potential habeas petition." *Id.* (citing *United States v. Carvajal*, 989 F.2d 170, 170 (5th Cir. 1993)).

Filing a Section 2254 habeas application is therefore a prerequisite to a state

prisoner's obtaining copies of court records under Section 2250. *See id.* ("When Walton moved to furnish the requested records, no § 2254 petition or other collateral-review application was pending before the district court. Therefore, the district court had no basis to consider his motion for production." (citing *Carvajal*, 989 F.2d at 170; *Walker*, 424 F.2d at 278-79)).

Insofar as Sturgeon seeks mandamus relief in the form of an order from this Court compelling the attorney who represented him in state criminal proceedings to turn over evidence, the federal mandamus statute provides "district courts [with] original jurisdiction of any action in the nature of mandamus to compel an officer or agency of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. As this language makes clear, "the authority of district courts to issue a writ of mandamus pursuant to § 1361 only extends to federal officers, employees, or agencies. District courts do not have jurisdiction to grant mandamus relief against private actors." *Cowell v. Shames & Bynum, P.C.*, No. 1:17cv1207 (CMH/TCB), 2017 WL 8786970, at *1 (E.D. Va. Dec. 5, 2017) (citations omitted); *cf. Moore v. 204th Dist. Ct.*, No. 3:08-cv-2281-D, 2009 WL 3150983, at *3 (N.D. Tex. Sept. 29, 2009) ("Federal courts lack the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties." (citing *Moye v. Clerk, Dekalb Cnty. Sup. Ct.*, 474 F.2d 1275, 1276 (5th Cir. 1973))). The Court therefore lacks jurisdiction over Sturgeon's construed request for mandamus relief.

And jurisdiction would still be lacking if Sturgeon's filing was liberally construed as made under the All Writs Act, 28 U.S.C. § 1651. As the United States

Court of Appeals for the Fifth Circuit had held, "[t]he All Writs Act [does] not confer subject-matter jurisdiction upon [an appellant's p]etition for [r]eview, because that Act does not create an independent basis of jurisdiction." *Brown v. United States*, 116 F. App'x 526, 527 (5th Cir. 2004) (per curiam) (citing *Renteria-Gonzalez v. INS*, 322 F.3d 804, 811 (5th Cir. 2002)).

In sum, the Court lacks jurisdiction over this action.

But, expecting that Sturgeon may appeal any dismissal of this lawsuit, the Court should also find that the provisions of the Prison Litigation Reform Act (the PLRA) do not apply to this action. Because "a writ of mandamus 'is not an independent civil action, but may be considered a type of appeal,' ... the nature of the underlying action [determines] the applicability of" provisions such as the [PLRA] amendments to 28 U.S.C. § 1915. *In re Crittenden*, 143 F.3d 919, 920 (5th Cir. 1998) (per curiam) (quoting *In re Stone*, 118 F.3d 1032, 1033 (5th Cir. 1997)); *see, e.g., In re Jacobs*, 213 F.3d 289, 289 (5th Cir. 2000) (per curiam) ("The nature of the underlying action determines whether the fee requirements of the PLRA are to apply in mandamus cases. [If] the underlying action [ ] is a civil case, the PLRA fee requirements apply." (citations omitted)). The actions underlying Sturgeon's construed writ are state criminal proceedings, so this action should not be classified as a civil action subject to the PLRA. *See, e.g., Banks v. Hornak*, 698 F. App'x 731, 738 (4th Cir. 2017) ("[P]etitions filed in underlying *civil* proceedings are 'civil actions' but those filed in underlying *criminal* proceedings are not." (citing *Stone*, 118 F.3d at 1034 & n.2; citations omitted)).

## Recommendation

The Court should dismiss this action for lack of jurisdiction.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 9, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE